# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BETTY GANN, Personal Representative of the Estate of JESSE L. GANN, deceased, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 06 C 2366<br>)<br>) Magistrate Judge Morton Denlow |
| DENNIS OLTESVIG, and TTI, INC., | )<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| RLI INSURANCE CO., | )<br>) |
| Intervenor. | ) |

## MEMORANDUM OPINION AND ORDER

On March 28, 2007, a jury in this diversity jurisdiction wrongful death case returned a verdict in favor of Plaintiff Betty Gann ("Plaintiff"), Personal Representative of the Estate of Jesse L. Gann, deceased, in the amount of $9,362,820.56, against Defendants Dennis Oltesvig ("Oltesvig") and TTI, Inc. ("TTI") (collectively "Defendants"). The Court entered judgment in that amount the same day.

RLI Insurance Company ("RLI"), issued an automobile liability insurance policy to TTI with policy limits of $1 million per occurrence. The policy requires RLI to defend and indemnify TTI in the Gann wrongful death action. RLI defended TTI and continues to prosecute the appeal on TTI's behalf.

On June 25, 2007, RLI moved to intervene in this case pursuant to Fed. R. Civ. P. 24(a)(2). RLI sought to deposit in court the policy limits, plus costs and interest accrued from March 28, 2007, through March 30, 2007, and asked the Court to enter an order declaring that RLI thereby fulfilled its obligations under its insurance contract with Defendants. The Court granted RLI's motion to intervene and ordered RLI to pay $1 million plus post-judgment interest on the full amount of the judgment at 5.26% for the period of March 28, 2007 through March 30, 2007, plus costs in the amount of $3,777.95, to Plaintiff by July 18, 2007. The Court left open whether RLI owes additional interest for the period of April 1, 2007, through July 16, 2007, the last day before the money was actually paid to Plaintiff.

RLI is an Illinois corporation with its principal place of business in Illinois. Oltesvig is a citizen of Wisconsin. TTI, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin. Plaintiff is a citizen of Missouri. The interest dispute involves approximately $150,000. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[1]

Plaintiff contends that RLI owes her interest up to July 17, 2007, when RLI actually paid her. RLI argues that its duty to pay interest terminated when it made both pre-trial and post-judgment offers to settle the case for the policy limit. The Court held oral argument on Wednesday, August 8, 2007.

---

[1] The Court notes that there may also be supplemental juisdiction over this aspect of the case, pursuant to 28 U.S.C. § 1367(a), but need not decide the issue.

For the following reasons, the Court concludes that RLI owes Plaintiff 5.26% interest on the full amount of the judgment for the time period of April 1, 2007, up to and including July 16, 2007.

## I. CHOICE-OF-LAW

### A. Choice-of-Law Analysis is Governed by Contract Choice of Law Rules

A federal court in a diversity action must apply the choice-of-law rules of the jurisdiction in which it sits. *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1219 (7th Cir. 1995). Illinois courts apply the Second Restatement method of choice-of-law analysis and begin by characterizing the issue in terms of substantive law. *Ruiz v. Blentech Corp.*, 89 F.3d 320, 324 (7th Cir. 1996). Illinois courts have adopted the doctrine of "*dépeçage*," which refers to the process of dividing a case into individual issues, each subject to a separate choice-of-law analysis. *Ruiz*, 89 F.3d at 324.

The issue here involves how much money RLI owes Plaintiff, as essentially a third party beneficiary of the insurance contract between RLI and TTI, for interest accrued on the judgment, under the terms of the insurance policy. Although the underlying wrongful death claim is a tort action, the issue before the Court is the interpretation of an insurance policy, which is subject to Illinois insurance contract choice of law rules.

### B. Wisconsin Law Applies

When an insurance policy lacks a choice-of-law provision, Illinois courts employ a "most significant contacts" test to determine the governing substantive law for the contract. *Jupiter Aluminum Corp. v. Home. Ins. Co.*, 225 F.3d 868, 873 (7th Cir. 2000); *Society of*

*Mount Carmel v. National Ben Franklin Ins. Co. of Illinois*, 643 N.E.2d 1280, 1287 (Ill. App. 1994). Insurance policy provisions are generally governed by: (1) the location of the subject matter; (2) the place of delivery of the contract; (3) the domicile of the insured or of the insurer; (4) the place of the last act to give rise to a valid contract; (5) the place of performance; or (6) any other place bearing a rational relationship to the contract. *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 655 N.E.2d 842, 845 (Ill. 1995).

While the location of the insured risk is ordinarily given the greatest emphasis, it enjoys little weight when the risk is located in more than one state. *Society of Mount Carmel*, 643 N.E.2d at 664. Here, the insured risk is located in more than one state. Although the vehicle was garaged in Wisconsin, it moved from state to state and carried the insurance risk with it. Accordingly, this factor is entitled to little weight.

Under the remaining choice-of-law factors, Wisconsin has the closest relationship with the insurance policy and Wisconsin law applies to this aspect of the case. RLI issued a policy which was delivered in Wisconsin to TTI, a Wisconsin corporation with its principal place of business in Wisconsin. Daniel Meyer Aff. ¶ 5. The policy contained state-specific Wisconsin endorsements, including Wisconsin Uninsured Motorists endorsements. Meyer Aff. ¶ 7. It contained no Illinois endorsements, nor any state-specific endorsements from any state other than Wisconsin. *Id.* The vehicles covered by the policy were registered in Wisconsin.[2] While the accident giving rise to this litigation occurred in Illinois, this is not

---

[2] While RLI did not cite any evidence establishing all of these facts, Plaintiff has not objected to their truth, so the Court treats them as established.

a factor in Illinois's choice-of-law rule for insurance contracts.

## II. RLI DID NOT DISCHARGE ITS DUTY TO PAY POST-JUDGMENT INTEREST

The RLI policy states that RLI is obligated to pay:

> All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

RLI Mem. of Law at 3; Pl. Resp. at 3.

**A.      Pre-Judgment Offer**

On March 16, 2007, Defendants sent a letter to Plaintiff confirming a prior offer of $1.4 million. RX A.[3] The affidavit of Michael J. Patton, counsel for Defendants, describes the offer in the letter as $1 million from RLI and $400,000 from TTI, but that breakdown was not included in the letter. Patton Aff. (attached to RLI's reply brief). On March 21, 2007, Plaintiff sent a letter in response confirming receipt of Defendant's offer and requesting Defendants' complete financial statements and financial information for William Timblin, Sr., TTI's owner. RX B. On March 24, 2007, Plaintiff rejected all offers. RX C. The same day, Defendant responded with an email informing Plaintiff that the additional $400,000 above the policy limits would be withdrawn if the case proceeded to trial. The Court finds, based on this evidence, that RLI made a pre-trial offer to Plaintiff in the full amount of the

---

[3]RLI's exhibits, which are attached to its reply brief, are abbreviated RX. Plaintiff's exhibits are PX and are attached to Plaintiff's response brief.

insurance policy.

Under Wisconsin law, an insurer's pre-trial offer to settle a case for policy limits has been held to terminate an insurer's obligation to pay post-judgment interest where the insurance contract states that the obligation ends upon "tender" of policy limits. *Weimer v. Country Mut. Ins. Co.*, 575 N.W. 2d 466, 468 (Wis. 1998). The provision in *Weimer* stated: "In addition to our limit of liability, we will pay for the insured . . . [a]ll interest accruing after the entry of the judgment in a suit we defend. Our duty to pay interest ends when we pay or tender our limits of liability." *Id.* at 469. RLI argues that the provision in this case is sufficiently similar to the provision in *Weimer* that the same result should follow here. The Court disagrees.

The first sentence of the provision in this case is virtually identical to the first sentence of the provision in *Weimer*. In both provisions, the insurer agrees to pay post-judgment interest. The second sentences, which limit the obligation to pay interest, differ. The second sentence of the provision in this case refers to RLI's offer to pay the portion of the *judgment* that is within policy limits. There is no judgment pre-trial, so it would be unreasonable to read this provision as contemplating termination of the duty to pay interest through a pre-trial offer. Rather, this provision is triggered only after a judgment has been entered. By contrast, the provision in *Weimer* does not refer to the judgment in the sentence terminating the obligation to pay interest upon tender of policy limits. Therefore, the Court finds that *Weimer* does not control the policy provision in this case, and concludes that under the terms of the policy, RLI's pre-trial offer to settle the case did not terminate its obligation to pay

6

interest. *See id.* at 473 ("'The language of an insurance policy should be interpreted to mean what a reasonable person in the position of the insured would have understood the words to mean.'") (citation omitted).

This conclusion is further supported by RLI's post-trial conduct. RLI agreed to pay post-judgment interest for the two days after judgment before it made its post-trial offer to settle. If RLI believed that it terminated its obligation to pay interest when it made its pre-trial offer, it is difficult to understand why it agreed to pay any post-judgment interest.

While the Court has concluded that Wisconsin law applies, for the sake of completeness, the Court will also analyze this issue under Illinois law. The parties have not provided and the Court has not discovered any Illinois cases dealing with pre-trial offers to settle a case for policy limits. As a simple matter of contract interpretation, however, the Court finds that the policy provision did not purport to terminate RLI's duty to pay interest through a pre-trial offer to settle the case. Further, the Court notes that *Weimer*'s holding that a mere offer to settle terminates the duty to pay interest runs contrary to the overwhelming weight of authority. Most cases addressing the issue require an insurer to make an unconditional offer to pay policy limits before the duty to pay interest terminates. *See* Allan D. Windt, Insurance Claims & Disputes: Representation of Insurance Cos. & Insureds § 6:17 and cases cited therein. Finally, as discussed in section II.B, *infra*, Illinois case law makes clear that a post-judgment offer to pay must be unconditional to terminate the duty to pay interest. Therefore, the Court finds that RLI's duty to pay interest did not terminate under Illinois law when it offered to settle the case before trial.

### B. Post-Judgment Offer

On March 30, 2007, RLI made the following offer to Plaintiff in a fax sent by Betsy Mclaughlin to Plaintiff's counsel:

> The purpose of this correspondence is to advise that, in exchange for a full settlement of Ms. Gann's claims against Dennis Oltesvig and TTI, Inc., and a release of Dennis Oltesvig, TTI, Inc. and RLI, RLI hearby offers to pay its $1 million policy limits, plus court costs and accumulated interest from the date of the judgment through today. Please provide payment instructions at your earliest convenience. Thank you.

PX A. In response to the letter, Plaintiff's counsel called Ms. Mclaughlin and advised that the settlement offer was declined, but welcomed RLI to forward the payment as a partial satisfaction of the judgment. In response to that call, Ms. Mclaughlin sent an email to Plaintiff's counsel on April 3, 2007, that said:

> Bruce: This will confirm our telephone conversation of yesterday regarding RLI's offer of settlement as set forth in my letter to you dated March 30, 2007. You have declined the offer.

PX B. That same day, Plaintiff's counsel replied to Ms. Mclaughlin:

> I write to confirm that I told you yesterday the $1M + costs and accrued interest would be accepted only as partial satisfaction of the judgment entered against Oltesvig and TTI, Inc. You did not reply.

*Id.*

RLI argues that *Weimer* held that an offer of policy limits in exchange for a full release of the insured constitutes tender and extinguishes an insurer's obligation to pay post-judgment interest.

In *Weimer*, the insurer's offer to settle with Plaintiff terminated the insurer's

8

obligation to pay interest, but the offer was made five years before trial, not post-judgment. 575 N.W.2d at 468. Part of the rationale of the *Weimer* decision was that an insurer has a duty to protect its insured from excess liability by attempting to settle the case pre-judgment. *Id.* at 474. Indeed, failure to seek a full release in exchange for paying the policy limits may constitute bad faith by the insurer. *Id.* Therefore, the *Weimer* court concluded that an offer to settle satisfies an obligation to tender policy limits and terminates the duty to pay interest.

Here, RLI made a post-judgment offer to settle, conditioned on a full release of Defendants. In the face of a judgment in excess of $9 million, an unconditional offer to pay the policy limits could not have been in bad faith because the policy limits rightfully belonged to Plaintiff after the judgment was entered. Thus, the logic underpinning the decision in *Weimer* does not apply to this case.

RLI also cites *Overbeek v. Heimbecker* as support for its position that its post-judgment offer to settle the case in exchange for a release of its insureds terminated its duty to pay interest. 101 F.3d 1225 (7th Cir. 1996). In *Overbeek*, a Seventh Circuit case applying Wisconsin law, the insurer offered to settle for policy limits both before and after trial. *Id.* at 1226. After noting questionable conduct by the plaintiff's attorney, the court concluded that the offers to settle discharged the insurer's obligation to pay interest under the terms of the policy. 1227-78. RLI's reliance on *Overbeek* is unpersuasive because the *Overbeek* opinion does not make clear whether the insurer's post-judgment offer to settle was in exchange for a release of the insured or only of the insurance company.

Finally, the decision in *Overbeek* rested on the premise that "[t]he purpose of

9

postjudgment interest is not to punish a defendant but to encourage prompt payment and compensate a plaintiff for another party's use of its money." *Id.* at 1228. Here, in offering to pay Plaintiff, RLI attempted to extract a complete release of its insureds and forfeiture of over $8 million to which Plaintiff is entitled under the judgment. This was not the type of prompt payment that post-judgment interest is intended to encourage.

The result is the same under Illinois law. In *Halloran v. Dickerson*, the Illinois Appellate Court interpreted an insurance policy provision requiring the insurer to pay interest on the full amount of the judgment until "we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage." 679 N.E.2d 774, 776 (Ill. App. 1997). The Court found that the insurer's duty to pay interest was not terminated because it did not make full, unconditional tender of the policy limits plus all interest accrued up to the date of tender. *Id.* at 778-81. *See also Farmer v. Country Mutual Ins. Co.*, 851 N.E.2d 614, 616, 620-21 (Ill. App. 2006) (similar insurance policy provision and same result). Because RLI's post-judgment offer to pay was conditional, its obligation to pay interest was not discharged.

### III. CONCLUSION

**For the foregoing reasons, the Court declares that RLI did not discharge its obligation under its insurance policy to TTI, Inc. to pay interest on the full amount of the judgment by offering to settle the case either before trial or post-judgment. The Court holds that RLI is liable to Plaintiff in the amount of 5.26% interest on the full amount of the judgment for the time period of April 1, 2007, up to and including July**

10

**16, 2007.**

    **SO ORDERED THIS 5th DAY OF SEPTEMBER, 2007.**

*Morton Denlow*
_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

| | |
|---|---|
| Bruce Robert Pfaff | Helen Aavik |
| Pfaff & Gill Ltd. | John William Patton, Jr. |
| One East Wacker Drive | Patton & Ryan, LLC |
| Suite 3310 | 330 N. Wabash Street |
| Chicago, IL 60601 | #2900 |
| | Chicago, IL 60611 |
| Counsel for Plaintiff | |
| | Counsel for Defendants |
| | |
| | Daniel Gene Wills |
| | Swanson, Martin & Bell |
| | 330 North Wabash |
| | Suite 3300 |
| | Chicago, IL 60611 |
| | |
| | Counsel for Intervenor |